# SUPREME COURT.

## CHARLES BARTON AND JOHN R. OLMSTEAD agt. SIMON BUTTS AND ADDISON R. WHITNEY.

The supreme court, by virtue of its general inherent powers, has jurisdiction and authority, to a certain extent, not only over parties before it, but over its judgments, decrees and orders, also.

Under these general powers, it may vacate and set aside orders taken by default, or those irregularly or improvidently made ; judgments taken by default or irregularly entered ; and stay the further prosecution of any action after the plaintiff has accepted payment of his claim, during its pendency, or obtained satisfaction thereof by means of some other remedy.

Where a party has been arrested upon an *attachment* for contempt, and has given a bond with sureties for his appearance at court, to abide the order of the court, and has been adjudged to have been guilty of the misconduct alleged, and punishment by fine and imprisonment ordered, the statute does not authorize the *bond to be prosecuted at the same time that a warrant of commitment is issued* against the party. It is not the policy of the statute to give the aggrieved party two final and complete remedies for the same offence.

*Seventh Judicial District, General Term, March,* 1867.
*Present,* WELLES, E. D. SMITH, *and* JOHNSON, *Justices.*

APPEAL from order at special term.

One Kintz, the defendant in an equitable action, was proceeded against by attachment as for a contempt, in neglecting or refusing to execute and deliver certain obligations and securities, as required by the decree against him in that action. He was arrested on the attachment, and gave a bond with the defendants as sureties, conditioned that he should appear on the return of the attachment and abide the order and judgment of the court therein. At the the next special term held in the city of Rochester, at which the attachment was returnable, Kintz appeared from day to day, and remained until the adjournment of court for the day, until Saturday of the term, when he appeared, and remained until between four and five o'clock, P. M., when being informed by some one that the business before the court would not be finished that week, and that the court would soon adjourn over until Monday morning, and that his matter would not be taken up that day, he left the court and went to his place of resi-

dence, some four or five miles from the city, intending in good faith to return and appear again in court at the opening thereof, on Monday morning. Interrogatories had already been filed and answered. Shortly after Kintz thus left, the proceeding against him was taken up, and he was found to have been guilty of the misconduct alleged, and was fined and ordered to be committed to the jail of the county until he should pay such fine, and the costs of the proceedings on the attachment, and execute and deliver the obligations and securities required by the decree.

A process of commitment was forthwith issued against Kintz, on which he was arrested the same evening and committed to jail, where he remained until the order appealed from was made, and still remains.

The court at the same time, on the application of the plaintiffs, ordered the bond given upon the arrest to be prosecuted.

Under this order, this action was brought against the defendants as sureties of Kintz, although not until several days after Kintz had been committed to jail, as aforesaid.

Upon affidavits establishing the foregoing facts, the court at special term made an order staying all proceedings in the action perpetually, and discharging the defendants from their liabilty, by reason of the bond, upon payment by them of the costs of this action, the costs of opposing the motion, and the sheriff's costs for arresting Kintz and committing him to jail.

From this order the plaintiffs' appealed to the general term.

W. F. COGSWELL, *for plaintiffs.*
T. R. STRONG, *for defendants.*

*By the court,* JOHNSON, J. It is contended by the plaintiffs' counsel that the court had no jurisdiction or authority whatever, to make the order appealed from.

The argument is, that by the order to prosecute the bond, the plaintiffs became the assignees thereof, and acquired

thereby a vested right to recover and collect the damages which the statute gives in such a case, and that no court could afterwards take away, or in any degree impair, such right.

The defendants are not, as is urged, strictly special bail, and neither the statute nor the rules of practice in reference to such bail, are applicable to this case. But I am clearly· of the opinion, nevertheless, that the court had the power to make an order in substance and effect, like the one appealed from, if not in the precise form. In form, I think, it should more properly have been an order vacating and setting aside the order for the prosecution of the bond. This would have reached the same end, and accomplished the object of the motion in a less objectionable form. But the form of the order is not very material, upon this question of the power of the court over the plaintiffs' action.

This court, by virtue of its general inherent powers, has jurisdiction and authority, to a certain extent, not only over parties before it, but over its judgments, decrees and orders also. Under these general powers, it may vacate and set aside orders taken by default, or those irregularly or improvidently made; judgments taken by default, or irregularly entered; and stay the further prosecution of any action, after the plaintiff has accepted payment of his claim during its pendency, or obtained satisfaction thereof by means of some other remedy.

The plaintiffs' right of action in this case sprung from the order of the court, made upon the unintentional default of Kintz, the principal, in not appearing at the moment the proceedings against him were taken up. He did not intend to escape the punishment which might be adjudged against him, and did not. He was arrested upon the warrant of commitment and imprisoned, and the entire object of the proceeding against him accomplished, at least *pro tanto*.

It was obviously, not the design of the statute in such a case, to give the prosecuting party a double satisfaction; and it may, I think, well be doubted whether it was regular to order the bond to be prosecuted at the same time that a

warrant of commitment is issued. The statute (2 *R. S.* 539, § 27), provides that in case the defendant does not appear on the return day of an attachment which has been issued and served, the court may award another attachment, or may order the bond taken on the arrest to be prosecuted, or both. The object of the new attachment in such a case, plainly is to give the defendant an opportunity to purge, if he can, the alleged contempt. Should he do so at the return day of the new attachment, the entire foundation of the action given by the order would be taken away, except, perhaps, so far as respects the right to costs.

But here the defendant was adjudged to have been guilty of the misconduct alleged, and punishment by fine and imprisonment ordered, together with a warrant of commitment to carry the sentence into effect. It will be seen that the statute does not both authorize the order to prosecute the bond and the issuing of the final warrant of commitment at the same time, but a new attachment and the order to prosecute together, only. The question of irregularity, however, in making the order to prosecute, does not arise in the case, as no question seems to have been made upon it in the motion, and I have referred to it only for the purpose of showing that the policy of the statute plainly was not to give the aggrieved party two final and complete remedies for the same offence.

In the present case, the judgment or order, and sentence of the court was fully and completely executed and satisfied by the arrest and imprisonment of the offending party on final process, for the time being, at least; and while such satisfaction was continued by the prosecuting party, it was clearly within the power of the court to restrain him from pursuing another remedy founded solely upon an order of the court, against other parties.

The undertaking of the sureties, had been in substance and effect, fully performed. Their principal, Kintz, had appeared, and was only temporarily, and by mistake, absent when the order was made; and he did in fact, abide the order and judgment of the court, which were executed upon his

person, and carried into full and complete effect, by means of the final process for his commitment.   After the plaintiffs had pursued their remedy against the principal, Kintz, to a final judgment or order, and obtained a final process therein of commitment, and thus compelled him to abide the order and judgment of the court in the proceedings, all that the defendants undertook as sureties to do, was accomplished, and their undertaking, in substance and effect, became performed and satisfied.

Where a defendant in such a proceeding has not appeared at all, and the bond has been prosecuted in pursuance of such an order, the court may still allow him to appear upon terms, at a future term, and answer interrogatories to be filed, touching the contempt (*The People* agt. *Munro*, 15 *How. Pr. R.* 494).   If he is found not guilty of the contempt at such future day, no one, I think, would doubt the power of the court to stay the further prosecution of the action on payment of costs.

I am of the opinion, therefore, that the order was substantially correct, and should be affirmed.

Ordered accordingly.